# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

MICHAEL FISHER, #262-076       *

Petitioner                     *

   v                          *  Civil Action No. RDB-15-3235

SECRETARY OF DPSCS             *

Respondent                     *

## MEMORANDUM OPINION

Michael Fisher is a State prisoner incarcerated within the Maryland Division of Correction. On August 14, 2014, while housed at Patuxent Institution,[1] Fisher filed an administrative grievance appeal with the State's Inmate Grievance Office ("IGO"). On October 17, 2014, the IGO dismissed the grievance appeal, in part because it had not been timely filed and otherwise because it sought relief for issues not subject to IGO review. (ECF No. 1 at 3).

On November 6, 2014, Fisher completed a Petition for judicial review of the IGO decision, (ECF No. 1-1 at 2), which he submitted to prison authorities for mailing to the Howard County Circuit Court. (ECF No. 1 at 3). The Maryland Attorney General filed a motion to dismiss the Petition, which was granted. (*Id.*). The Court of Special Appeals, Maryland's intermediate appellate court, denied Fisher's application for leave to appeal the Circuit Court's decision, and the Court of Appeals, Maryland's highest appellate court, denied further review. (ECF No. 1 at 3 and ECF No. 1-1 at 10).

Fisher now asks this Court to review the determinations rendered by the State administrative agency and State courts. In essence, he seeks to impose on the IGO and the State

---

[1] Fisher currently is housed at Maryland Correctional Institution – Jessup ("MCI-J").

courts a requirement that they comply with *Houston v. Lack*, 487 U.S. 266 (1988), a Supreme Court ruling that held that notices of appeal by federal prisoners who are self-represented are to be considered filed at the time they are delivered to prison authorities for forwarding to the court clerk.[2]  ECF No. 1 at 2.

Fisher requests leave to proceed in forma pauperis (ECF No. 2) and asks that this case, which he styles as an "appeal" of his State court proceedings, be stayed in abeyance until he seeks further advice from the Federal Public Defender (ECF No. 3).  In forma pauperis status shall be granted.  Because further legal advice would not produce a different outcome, the request for a stay shall be denied.

Federal courts are courts of limited jurisdiction and "may not exercise jurisdiction absent a statutory basis." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005). They "have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010).  This Court does not sit as a "supreme court" of appeal with regard to state court matters, and lacks appellate jurisdiction over the IGO and Maryland's circuit and appellate courts.

The question remains whether Fisher's case can be considered by this Court on other grounds.  To some extent, Fisher's pleading asks this Court to compel certain actions by the state and/or its agents; namely, that they adopt the federal "prison mail box rule" when computing the timeliness of prisoner pleadings sent to the state courts.[3]  His request is not based on the civil rights statutes, but is more akin to a request for a writ of mandamus.  *See* 28 U.S.C. § 1361.

---

[2] Under *Houston v. Lack*, 487 U.S. 266, 268 (1988), a habeas corpus petition presented in federal court is deemed filed on the date it is signed.  That holding has been extended to include other prisoner filings.  *See Lewis v. Richmond City Police Department*, 947 F.2d 733, 734-35 (4th Cir. 1991) (civil rights complaint); *United States v. Dorsey*, 988 F. Supp. 917, 919-920 (D. Md. 1998) (motion to vacate).

[3] To the extent that Fisher complains that the State courts failed to properly apply State statutory guidelines in computing the timeliness of his appellate filings (ECF No. 1 at 2), this question does not present a cognizable federal question.

Federal district courts have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or one of its agencies to perform a duty owed to a petitioner. However, this federal district court has no mandamus jurisdiction over state employees, and cannot compel the Maryland state courts to accept *Houston v. Lack* as the standard by which it computes the timeliness of prisoner submissions. *See e.g., Gurley v. Superior Court of Mecklenburg County*, 411 F.2d 586, 586-87 (4th Cir. 1969).

Because Fisher cannot prevail on his claim as set forth in his Petition, his case shall be dismissed. A separate Order follows.

_____/s/_____
RICHARD D. BENNETT
UNITED STATES DISTRICT JUDGE